## MATILDA A. MOODY *vs.* GEORGE A. OSGOOD.

Proof of driving in a public street, in a city, at the rate of a mile in three minutes and ten seconds, when the law limits driving to a mile in eleven minutes, is amply sufficient to charge the driver with the consequences that follow from such driving.

Where the jury, in an action to recover damages for a personal injury sustained by the plaintiff in consequence of being struck by the defendant's sleigh, and run over, through his negligence, had been charged that to render the defendant liable, the injury must have been occasioned solely by his wrongful act, and without any act of negligence on the part of the plaintiff; *Held* that this covered all that was proper to be submitted to the jury on that point; and that the questions whether the defendant could have avoided hitting the plaintiff, and whether, if the plaintiff had gone on when called to, she would have been injured, were mere matters of opinion, and were properly excluded.

APPEAL by the defendant from a judgment entered upon the verdict of a jury.

The action was brought to recover damages for injuries suffered by the plaintiff in being struck with the pole of the defendant's sleigh, and run over, through his negligence.

On the 6th day of January, 1865, the plaintiff was a passenger in the Eighth avenue railroad car. The end of the route is at the corner of 125th street and Eighth avenue. When the car stopped, she and four or five other

passengers proceeded to leave it. She descended from the platform to the step of the car, and looked up and down the avenue; she saw some vehicles coming from the city towards Harlem, and some coming down at a distance; she looked to see if they were in her way. Thinking it was perfectly safe to cross to the sidewalk, she stepped from the car, and had not gone more than four or five steps when she heard a voice hallooing, "go ahead;" it was at her right; she turned to see what it was; she saw horses right on her; she was knocked down; she became unconscious, and remained so for some time; the first thing she recollected, was some person asking her if she could tell where she lived; she could not tell who took her home ; she lost her sight, and did not recover it that night.

On the day in question, the defendant was driving out, accompanied by his brother, in a sleigh; they had a team of fast horses, one of them belonging to the defendant and the other to a Mr. Van Cott. Following the sleigh of the defendant was another sleigh, in which were Messrs. Ogle and Hazlitt; they had proceeded at a good round pace, close to each other; they turned into the Eighth avenue, 120th or 121st street, and proceeded along Eighth avenue towards 125th street. As they came along Harlem lane, they drove so rapidly that they were noticed by parties in the hotel, at the corner of 125th street and Eighth avenue; their attention was called to the couple of smart teams coming up the road; "they were trotting very lively; it was a lively team; they were trotting close to three minutes." As the defendant's sleigh dashed on, followed by Ogle and Hazlitt, the defendant shouted to the plaintiff to go ahead. In an instant after shouting, the pole of the defendant's sleigh struck her on the forehead, and knocked her down; her dress became entangled with the runners of the sleigh, and she was dragged some distance; the

sleigh passed over her side, although the defendant pulled up as well as he could; the horses were brought up about thirty-five feet from the point where the pole struck the plaintiff; Mr. Hazlitt broke the pole of his sleigh in pulling up.

When the accident occurred the two sleighs were close together; Hazlitt's within about 60 feet of the plaintiff, and within about 25 or 30 feet of the defendant's sleigh. When the plaintiff was knocked down, the spectators in the hotel thought she was killed; she lay senseless on the ground, but was taken up and carried to her home. Her injuries proved to be serious; and the testimony of the physicians showed that her nervous system had sustained a very severe shock, and at the time of the trial, six years after the happening of the injury, she was then suffering from the effects of those injuries.

The jury found for the plaintiff, and assessed her damages at $2500.

A motion for a new trial on a "case" was made at special term and denied. Judgment was entered in favor of the plaintiff, and the defendant appealed from the order denying the motion for a new trial, and from the judgment.

*T. C. T. Buckley,* for the appellant.

*F. Smyth,* for the respondent.

*By the Court,* INGRAHAM, P. J. The evidence on the question of negligence, both on the part of the plaintiff and of the defendant, was properly left to the jury, and the jury have found against the defendant.

As to the alleged negligence on the part of the plaintiff, which, it is contended, contributed to the accident, the evidence is of a contradictory character. The plaintiff had

reached the end of her route in the Eighth avenue car, and must either leave it, or be carried back. She says she looked for vehicles on the road, and saw none as near as 124th street. Whether, under such circumstances, she could have done otherwise than she did do, was a question which could not, properly, have been decided by the court. .

As to the defendant's negligence, there can be no doubt that driving in a public street at the rate of a mile in three minutes and ten seconds, when the law limits driving to eleven minutes to a mile, is amply sufficient to charge the defendant with the consequences that follow from such driving.

The instructions to the jury, on these points, were sufficient, in the absence of any request to charge more particularly. In fact, all the requests made in reference to these questions, except those which I will notice hereafter, were charged in the defendant's favor, and in a manner of which he cannot complain.

Hypothetical questions were suggested, and a request made to charge upon them as to the balance of the evidence, which I think the judge was not required to submit to the jury. The jury had been charged that the accident must have been occasioned solely by the wrongful act of the defendant, and without any act of negligence on the part of the plaintiff. This covered all that was proper to be submitted to the jury on that point. The questions whether the defendant could have avoided hitting the plaintiff, and whether, if the plaintiff had gone on, instead of returning to the car, she would have been injured, were mere matters of opinion, and were properly excluded.

It is hardly to be supposed that an elderly woman, leaving a car under such circumstances, can exercise that coolness and judgment which a man used to driving horses

can do; and even if she could have escaped by the other course, it would not have altered the result.

We see no error on the trial, and think the judgment should be affirmed.

